IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JACQUELINE C. MELCHER

No. C 16-05982 WHA
No. C 16-06123 WHA

**ORDER GRANTING
MOTION TO DISMISS**

/

## INTRODUCTION

In this appeal from the bankruptcy court's order (1) denying permission for debtor to object to the Trustee's and his attorneys' final applications for compensation, and (2) granting said applications, the Trustee moves to dismiss. The motion is **GRANTED**.

## STATEMENT

Debtor Jacqueline Melcher filed multiple appeals in connection with her bankruptcy (3:16-cv-05851-WHA, 3:16-cv-05852-WHA, 3:16-cv-05853-WHA, 3:16-cv-05982-WHA, and 3:16-cv-06123-WHA). The Trustee's motion for sanctions against debtor remains pending in another case (3:13-cv-04930-WHA). These matters were reassigned to the undersigned following Judge Ronald Whyte's retirement. At debtor's request, the Court previously consolidated the appeals numbered 16-5851, 16-5852, and 16-5853, with 16-5851 as the lead case. Also at debtor's request, the Court previously consolidated the appeals numbered 16-5982 and 16-6123, with 16-5982 as the lead case.

1 The Trustee's instant motion to dismiss concerns only the appeal numbered 16-6123, wherein debtor appeals from the bankruptcy court's order dated September 30, 2016, granting the Trustee's and his attorneys' final applications for compensation. The Trustee contends the appeal must be dismissed because debtor failed to timely file her notice of appeal.

Debtor's response to the Trustee's motion to dismiss was originally due on February 7. On February 8, debtor filed a request for an extension of time (Dkt. No. 18). The undersigned granted the request and extended the deadline to February 17 (Dkt. No. 19). Debtor timely opposed the Trustee's motion on February 17 (Dkt. No. 20), and the Trustee timely replied on February 23 (Dkt. No. 21).

On February 24, however, debtor filed another version of her opposition that added handwritten corrections and extra exhibits to her original submission (Dkt. No. 22), having neither sought nor received permission to do so. The undersigned nevertheless reviewed the more recent filing and it does not affect the outcome of this order.

On March 28, debtor filed yet another document titled, "Notice to Court of Open Appeal of the Court's Order Dated September 26, 2016 ¶ Appellant's Opposition to Motion to Dismiss Appeal Objecting to Fees and Expenses of the Trustee and His Attorneys" (Dkt. No. 28). Insofar as this document is intended as a third opposition brief to the instant motion, it is improperly filed and in any case does not affect the outcome of this order. To repeat, however, the instant motion is only to dismiss the appeal numbered 16-6123, from the bankruptcy court's order dated *September 30*, 2016. The appeal numbered 16-5982, from the bankruptcy court's order dated *September 26*, 2016, remains unaffected by this order.

This order follows full briefing and oral argument.

**ANALYSIS**

A federal court must generally first determine whether it has jurisdiction before reaching the merits of a case. *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (en banc) (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)). Here, debtor, as the appellant, has the burden of establishing that this Court has jurisdiction to hear her case. *See Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016). The requirement

2

of a timely notice of appeal is "mandatory and jurisdictional," so a reviewing court is "not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be." *Ibid.* The same principle holds true in federal bankruptcy appeals. *Ozenne*, 841 F.3d at 814 (citing *In re Mouradick*, 13 F.3d 326, 327–28 (9th Cir. 1994)).

Our circuit's strict construction and compulsory application of the time limit for filing notices of bankruptcy appeals has a long history, briefly summarized herein.

As our court of appeals explained in *Matter of Best Distribution Co.*, 576 F.2d 1360 (9th Cir. 1978), prior to 1938, petitions for review from bankruptcy orders had to be filed within a "reasonable time" unless local rules provided a specific period. In 1938, however, Section 39(c) of the Bankruptcy Act set forth a 10-day time limit for the filing of such petitions "to provide a uniform degree of finality to orders of bankruptcy judges." *Id.* at 1362. In interpreting the 10-day time limit, "the circuits divided on whether the limitation merely restricted the right to file petitions for review, or whether it also restricted the district courts' discretionary power to entertain late petitions." *Id.* at 1362–63. In 1942, the Supreme Court held that Congress had expressed no intention, by enacting Section 39(c), to limit the traditional discretion of district courts in this area. *Id.* at 1363 (citing *Pfister v. N. Ill. Fin. Corp.*, 317 U.S. 144, 152–53 (1942)). "Dissatisfied with the lack of finality that accompanied the discretionary power to entertain late petitions, Congress amended [Section 39(c)] in 1960 for the specific purpose of legislatively overruling *Pfister*." *Ibid.* (citing *In re Benefiel*, 500 F.2d 1219, 1220–21 (9th Cir. 1974)). Subsequent decisions by our court of appeals therefore "strictly construed and compulsorily applied" the 10-day limitation "to negate the discretion afforded the reviewing court " under *Pfister*, holding that untimely notice of appeal from the bankruptcy court deprived the reviewing district court of jurisdiction. *Id.* at 1363–64.

In 1973, Federal Rule of Bankruptcy Procedure 802 superseded Section 39(c). *Id.* at 1364; *Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028, 1030 (9th Cir. 1979). Although FRBP 802 carried forward the 10-day time limit from Section 39(c), it otherwise paralleled Federal Rule of Appellate Procedure 4(a). *Butler's Tire & Battery*, 592 F.2d at 1031. Our court of appeals thus declined in *Butler's Tire & Battery* to rely on decisions

construing Section 39(c), including *Matter of Best Distribution*, in construing FRBP 802. *Id.* at 1030–31. Nonetheless, after applying FRBP 802 with the guidance of case law concerning FRAP 4(a) and its predecessor, Federal Rule of Civil Procedure 73(a), our court of appeals again concluded that untimely notice of appeal from the bankruptcy court deprived the district court of jurisdiction. *Id.* at 1034. This conclusion comported with well-established precedent holding that FRAP 4(a)'s time period for filing a notice of appeal is also "mandatory and jurisdictional." *See, e.g.*, *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir. 1981) (citing *Browder v. Dir., Dept. of Corr. of Ill.*, 434 U.S. 257, 264 (1978), *superseded in part by statute on other grounds as recognized in Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998)).

Although *Butler's Tire & Battery* recognized the limited scope of past decisions construing Section 39(c), the underlying principle of those decisions — that untimely filing of a notice of appeal from the bankruptcy court is jurisdictional — remained instructive to subsequent decisions applying FRBP 802 and its successors. For example, *Matter of Ramsey*, 612 F.2d 1220 (9th Cir. 1980), which cited *Butler's Tire & Battery* for the principle that "untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment," also cited *Butler's Tire & Battery*, *Matter of Best Distribution*, and other decisions dealing with Section 39(c) for the proposition that our court of appeals "has strictly construed and compulsorily applied the ten-day requirement." *Id.* at 1222. And *In re Souza*, 795 F.2d 855 (9th Cir. 1986) — applying FRBP 8002, the "virtually identical" successor to FRBP 802 — in turn cited *Ramsey* for the principle that "untimely filing of the notice of appeal is jurisdictional." *Id.* at 857. In both *Ramsey* and *Souza*, our court of appeals concluded that untimely notice of appeal from the bankruptcy court deprived the district court of jurisdiction.

In *Mouradick*, our court of appeals cited both *Ramsey* and *Souza*, among other decisions, for the same core principle that "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." 13 F.3d at 327. But *Mouradick* also noted that "[s]upport for this admittedly harsh result is found in the cases interpreting [FRAP 4(a)], the analog to [FRBP 8002]," and reiterated that the provisions of the former are "mandatory and

4

jurisdictional." *Id.* at 328. In short, whether by carrying forward the approach of strict construction and compulsory application from the days of Section 39(c) or by analogy to FRAP 4(a), our court of appeals has consistently held that the time limit for filing a notice of appeal from the bankruptcy court is mandatory and jurisdictional.

This strict construction, which had persevered through the evolution from Section 39(c) to FRBP 802 to FRBP 8002, also survived a 2009 amendment to FRBP 8002 that changed the 10-day period to a 14-day period. *See* Advisory Committee Notes to FRBP 8002. Thus, in 2016, our court of appeals in *Ozenne* cited *Mouradick* for the proposition that the "mandatory and jurisdictional" deadline to file an appeal "also applies to federal bankruptcy appeals." 841 F.3d at 814.

With this history and the consistent holdings of our court of appeals in mind, this order turns to the question of whether debtor here complied with the requirements of FRBP 8002.

FRBP 8002(a)(1) provides that, with limited exceptions inapplicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Here, any notice of appeal from the bankruptcy court's order dated September 30, 2016, must have been filed by October 14, 2016. Debtor, however, filed her notice of appeal on October 18, 2016. Because the requirements of FRBP 8002 are jurisdictional, debtor's "untimely filing of a notice of appeal deprives [this Court] of jurisdiction to review the bankruptcy court's order." *Mouradick*, 13 F.3d at 327.

Debtor claims she was never served with notice of the bankruptcy court's order dated September 30, 2016. The Trustee replies that he "had no obligation to serve the Debtor with the order and it was incumbent on her . . . to monitor the docket to ensure the timely filing of the notice of appeal" (Dkt. No. 21 at 4). The Trustee's reply included a supporting declaration from the Trustee's attorney, Charles Maher, who explained, "Early in the Chapter 7 case, the Bankruptcy Court required the Trustee to serve every document filed in the case on the Debtor, whether the document pertained to her or not . . . . The Trustee and I were relieved of this service burden in late 2014" (Dkt. No. 21-1). Attorney Maher's declaration also appended a

5

1  copy of the bankruptcy court's order dated October 30, 2014, "Granting Trustee's Motion to be

2  Relieved of Extraordinary Service Obligation," which provided (*id.* at 4–5):

> 1. The Trustee is immediately and prospectively relieved of any obligation to serve the Debtor by overnight mail or by email, unless expressly ordered to do so by subsequent Court order with respect to specific pleadings or other documents.
>
> 2. The Trustee shall serve the Debtor by regular mail with any notices or pleadings related to contested matters in which Debtor is named as respondent or defendant, as well as any notices or pleadings required to be served on Debtor by [FRBP] 2002(a) . . . .

It is not apparent from the bankruptcy court's order dated October 30, 2014 — which seemed to relieve the Trustee only of "any obligation to serve the Debtor by *overnight mail or by email*" (emphasis added) — that the Trustee had no obligation whatsoever to serve the bankruptcy court's order dated September 30, 2016, on debtor. As debtor acknowledges, however, the latter order included a "Court Service List" that stated, "No Service Required" (Dkt. No. 17-1 at 6), which seems to support the Trustee's position. In her opposition to the Trustee's motion to dismiss, debtor claims, "It is my opinion the Court has been told by attorney Maher for the Trustee, the Appellant has no standing, therefore there is no need for service to her" (Dkt. No. 20 at 1), but offers no factual basis for this opinion.

Moreover, debtor's opposition goes on to describe how she actually sent her notice of appeal on October 14, 2016 — "the day the appeal was due" — to a legal service in San Jose, but the service had no "runners" available that day. Debtor therefore "rushed to the local UPS store" and sent her notice of appeal by overnight mail, but "was told the document would not arrive until Monday, October 17, 2016 because of the weekend" (*id.* at 2). In other words, although the Trustee did not serve the bankruptcy court's order dated September 30, 2016, on debtor, she was — by her own account — clearly aware of both the order and the applicable deadline for filing a notice of appeal. But because debtor waited until the last day to try to submit her notice of appeal, neither her legal service nor UPS could deliver her documents to

6

United States District Court
For the Northern District of California

the bankruptcy court on time.  This explanation accounts for, but cannot excuse, debtor's failure to timely file a notice of appeal.[*]

The rest of debtor's opposition attempts to relitigate issues arising out of her bankruptcy proceedings, which bear no relevance to the instant appeal and motion to dismiss in question. The last sentence of debtor's opposition adds, "Rule 60 (b) allows a late filing due to extenuating circumstances if I may apply this rule if the court will allow for the Notice of Appeal not having arrived at tbe Court on October 14, 2016," [*sic*] (Dkt. No. 20 at 6). Assuming debtor is referring to FRCP 60(b), that rule is inapplicable here because it only permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons.  It says nothing about "extenuating circumstances," much less as an excuse for failing to timely file a notice of appeal.

In short, because debtor failed to timely file a notice of appeal, the Court lacks jurisdiction over this appeal.  It must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Trustee's motion to dismiss the appeal numbered 16-6123 is **GRANTED**.  Judgment shall follow.

**IT IS SO ORDERED.**

Dated:  March 29, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Debtor's account of her attempts to file her notice of appeal on October 14, 2016, is consistent with Attorney Maher's claim that she is "experienced in filing notices of appeal" and "knows when deadlines are but consistently waits until the last day to take any action" (Dkt. No. 21-1 at 2). It is also consistent with debtor's pattern of last-minute or tardy filings in her cases before the undersigned.

7