IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JACQUELINE MELCHER                     No. C 16-05982 WHA

**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT**

_____/

**INTRODUCTION**

This is an appeal from the bankruptcy court's order denying debtor's request for leave to file objections to the Trustee and his attorney's final fees. The bankruptcy court's order is **AFFIRMED**.

**STATEMENT**

Debtor and appellant Jacqueline Melcher filed for Chapter 11 bankruptcy in June 2001. Her case was converted to Chapter 7 in September 2008. Throughout the bankruptcy proceedings, which lasted over a decade and spawned multiple appeals in multiple forums, debtor's repeated opposition and persistent litigation in response to the Trustee and bankruptcy court's decisions caused the Trustee to incur substantial and unnecessary legal fees relating to his administration of the estate. Examples of debtor's costly and obstructive tactics have been chronicled in detail in prior decisions and need not be repeated here. Just two nonexhaustive examples will suffice to illustrate the point.

In 2014, the Bankruptcy Appellate Panel required the bankruptcy court to "enter an appropriate order to restrain debtor's further abuses" of the bankruptcy process. After describing those abuses at length, the panel concluded:

> In 2008, the Ninth Circuit determined that Jacqueline was abusing the bankruptcy process. Inexplicably, she has been shielded by the bankruptcy court and allowed to interfere with the Trustee's administration of the estate without restraint for more than five years since then. Despite the Trustee's multiple, desperate attempts to obtain the assistance of the bankruptcy court in curtailing Jacqueline's abusive behavior, she remains unchecked. The bankruptcy court's denial of the Trustee's most recent attempt, made through the Standing Motion, was an abuse of discretion. . . . [T]he bankruptcy court is instructed to make appropriate findings . . . and to implement an appropriate prefiling order to address the outrageous conduct of Jacqueline evidenced by the docket and her voluminous filings, that apparently will be interminable unless she is restrained.

*In re Melcher*, No. NC-13-1168, 2014 WL 1410235 (B.A.P. 9th Cir. 2014). Also in 2014, Judge Ronald Whyte withdrew the reference to the bankruptcy court and granted the Trustee's motion for sanctions "to compensate the victims of Ms. Melcher's litigation abuses," finding that her conduct had been "clearly unreasonable and vexatious" and that her "repeated filings and unrelenting interference with the Trustee have been both reckless and frivolous." *In re Melcher*, No. C-13-04930, 2014 WL 4954776 (N.D. Cal. Oct. 1, 2014) (Judge Ronald Whyte).[1]

In 2016, the Trustee and his attorneys filed their final applications for compensation. Debtor requested permission to file an objection thereto. On September 26, 2016, the bankruptcy court denied her request, finding that (1) the proposed objection was duplicative of prior filings on which the bankruptcy court had previously ruled, (2) debtor had no standing to object because the estate was insolvent and would never become solvent, (3) the proposed objection did not comply with the bankruptcy court's prior instructions, and (4) debtor's request was motivated by an effort to harass or delay the Trustee's closing of her estate.

---

[1] Judge Whyte deferred ruling on the amount of sanctions pending completion of the bankruptcy case and the bankruptcy court's determination of the amount of attorney's fees to award. That action — along with several of debtor's bankruptcy appeals — was subsequently reassigned to the undersigned judge.

**ANALYSIS**

The bankruptcy court's decision to reject a proposed filing under a vexatious litigant order is reviewed for abuse of discretion. *Cf. In re Fillbach*, 223 F.3d 1089, 1090–91 (9th Cir. 2000); *see also De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (a vexatious litigant order is reviewed for abuse of discretion). Its findings of fact are reviewed for clear error. *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Debtor bears the burden of providing an adequate record on appeal. *See In re Drysdale*, 248 B.R. 386, 388 (B.A.P. 9th Cir. 2000).

A prior order continued the deadline for debtor to perfect the record to June 5 (Dkt. No. 33). On June 12, she filed a voluminous set of documents — most of which had no apparent relevance to this appeal — labeled "Excerpts of the Record" (Dkt. No. 35). Before that, on June 9, she filed her opening brief, which mostly addresses irrelevant issues and describes her narrative of what happened throughout her bankruptcy proceedings (Dkt. No. 34). Her reply brief, for the most part, does the same (Dkt. No. 38). Even assuming for the sake of argument that this order should consider debtor's late-filed excerpts of record, she has shown no reversible error in the bankruptcy court's September 26 order.[2]

The gist of debtor's challenge to the bankruptcy court's September 26 order seems to be that she believes previous orders had preserved her "right" to object to the Trustee and his attorney's fees at the end of the bankruptcy case (*see* Dkt. No. 34 at 8; Dkt. No. 38 at 2–4). Her excerpts of record begin with what she entitled "Bankruptcy Court Orders preserving the Appellant's right to object to the fees and expenses of the Trustee and his attorney" (Dkt. No. 35 at 2). The excerpt in question includes prior orders of the bankruptcy court from 2009 and 2011, wherein the bankruptcy court authorized payments by the Trustee for interim compensation and expense reimbursement but reserved debtor's objections thereto until consideration of final applications (*id.* at 3–7).

---

[2] After briefing completed, debtor filed another motion for "clarification," asking if the Court received her excerpts of record and requesting permission "to re-file the designations with the Bankruptcy court" (Dkt. No. 39). As explained, debtor's documents labeled "Excerpts of Record" were filed on the docket in this matter. Otherwise, her motion for "clarification" is **DENIED**.

Those prior orders merely indicated that the bankruptcy court would revisit debtor's previously-filed objections upon consideration of the Trustee and his attorneys' final applications. Contrary to debtor, those orders in no way guaranteed her any right to file new objections to the final applications, particularly in light of the intervening entry of a vexatious litigant order against her in 2014, under which any future filings would be subject to the approval of the bankruptcy court. Debtor has challenged neither the bankruptcy court's exercise of discretion in denying her permission to file a new objection nor its underlying findings of fact that her proposed new objection violated the vexatious litigant order. Her reference to the bankruptcy court's prior orders, without more, shows no reversible error in the bankruptcy court's order denying her request for permission to file a new objection in 2016.

**CONCLUSION**

The bankruptcy court's order is **AFFIRMED**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: September 30, 2017.

                    WILLIAM ALSUP
                    UNITED STATES DISTRICT JUDGE